**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEONA FELDT,

        Plaintiff - Appellant,

v.

HERITAGE HOMES OF
NEBRASKA, INC.,

        Defendant - Appellee,

and

KAN-DU CONSTRUCTION CORP.;
MARTY FALCONBURG,

        Defendants.

No. 15-3109

(D.C. No. 6:12-CV-01064-MLB)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MURPHY**, and **BACHARACH**, Circuit Judges.

---

    [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    INTRODUCTION

This diversity action was brought by Plaintiff-Appellant Leona Feldt against Defendant Kan-Du Construction Corp.[1] ("Kan-Du") and Defendant-Appellee Heritage Homes of Nebraska, Inc. ("Heritage Homes").  The district court granted summary judgment in favor of Heritage Homes on some of Feldt's claims, granted judgment as a matter of law ("JMOL") in favor of Heritage Homes on Feldt's Kansas Consumer Protection Act ("KCPA") claim, and submitted the remaining claims to the jury.  After the jury awarded Feldt $185,000 in damages against Heritage Homes on her negligent misrepresentation claim and her fraud-by-omission claim, Heritage Homes moved to vacate the judgment.  The district court granted the motion.

Feldt appeals from the multiple rulings of the district court in favor of Heritage Homes.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the grant of summary judgment in favor of Heritage Homes, affirms the grant of JMOL in favor of Heritage Homes, and **affirms** the grant of Heritage Homes's motion to vacate the judgment.  Heritage Homes's motion to strike arguments raised in Feldt's reply brief is **denied**.

---

[1]Kan-Du's owner, Marty Falconburg, was also named as a defendant.  Any reference herein to Kan-Du, collectively includes Falconburg.

## II.    FACTUAL BACKGROUND

Heritage Homes is a Nebraska corporation that builds pre-manufactured modular homes. It sells the homes to independent distributors who then resell them to individual purchasers. Heritage Homes delivers the completed structure to the homeowner's building site where the home is installed on the owner's foundation. Distributors are responsible for all construction matters other than the construction and delivery of the home itself. These additional construction matters are referred to by the parties as "site work" and they include the installation of foundations, porches, plumbing, and utilities. Distributors perform the site work themselves or retain subcontractors. Kan-Du is a Heritage Homes distributor.

In May 2011, Feldt entered into a contract with Kan-Du for the purchase of a modular home to be constructed by Heritage Homes. Feldt paid $317,700 directly to Kan-Du pursuant to the terms of a purchase agreement. Although Feldt previously met with a salesperson from Heritage Homes to review options and pricing for her modular home, the only parties to the purchase agreement were Feldt and Kan-Du. On April 4, 2011, Kan-Du ordered Feldt's modular home from Heritage Homes, agreeing to pay a total of $183,222 pursuant to the terms of a sales order. Feldt was not a party to the contract between Kan-Du and Heritage Homes.

Heritage Homes completed the construction of Feldt's modular home and delivered it to the building site in Hoxie, Kansas. Kan-Du, however, failed to fully complete the site work pursuant to the terms of its contract with Feldt. Feldt filed a civil lawsuit in federal district court alleging claims against Kan-Du that included breach of contract, negligent performance, and violation of the KCPA. The claims raised against Heritage Homes included breach of contract, negligent misrepresentation, affirmative fraud, fraud by silence, and violation of the KCPA. Feldt sought both actual and punitive damages.

Heritage Homes moved for summary judgment on all claims asserted against it. As to Feldt's breach of contract claim, Heritage Homes argued there was no meeting of the minds to create the oral contract Feldt alleged and, even assuming the existence of an oral contract, there was no bargained-for consideration. Feldt's negligent misrepresentation claim was premised on her assertion Justin Lockhart, who was employed by Heritage Homes, mischaracterized Kan-Du's qualifications to perform the site work for her modular home. As to this claim, Heritage Homes asserted it should be dismissed because Feldt's own testimony showed the lack of any actionable representation. Heritage Homes made the same argument as to Feldt's fraud-in-the-inducement and KCPA claims, all of which were based on the same alleged misrepresentation. Finally, Heritage Homes argued Feldt could not prove her negligence claim because she could not establish she was owed a duty by Heritage Homes.

Heritage Homes also argued, generally, that Feldt's claims involved alleged defects with site work and Heritage Homes had no responsibility for that work.

The district court granted summary judgment in favor of Heritage Homes on the breach of contract and negligence claims. The court denied summary judgment on the fraud, negligent misrepresentation, and KCPA claims. Those claims were tried to a jury in January 2015. Prior to submission to the jury, the district court granted Heritage Homes JMOL on Feldt's KCPA claim. The jury found in favor of Feldt and against Heritage Homes on Feldt's fraud-by-omission and negligent misrepresentation claims and awarded her the sum of $185,000. It found in favor of Feldt and against Kan-Du on Feldt's breach of contract and negligence claims, awarding her $31,000 on the breach of contract claim and $78,000 on the negligence claim.

Heritage Homes moved to vacate the judgment. *See* Fed. R. Civ. P. 50(a). According to Heritage Homes, Feldt's evidence on damages related only to the costs incurred by Feldt in finishing site work that Kan-Du failed to complete, payments Feldt made to unpaid subcontractors for work they completed, and the cost to repair defective site work. Heritage Homes argued the jury, consistent with the evidence, monetized the totality of those damages at $109,000 and awarded Feldt that amount in full against Kan-Du. Thus, Heritage Homes argued, any damages awarded against it were duplicative.

The district court granted the motion, concluding Feldt was made whole by the $109,00 awarded against Kan-Du because she elected to affirm the contract and sue for damages rather than sue for rescission. *See K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1159 (10th Cir. 1985) (discussing the "benefit of the bargain" rule followed by Kansas); *Nolan v. Auto Transporters*, 597 P.2d 614, 621 (Kan. 1979) (describing the measure of damages in Kansas tort actions). The district court concluded the judgment against Heritage Homes was based on an improper measure of damages not allowed under Kansas law because it effectively permitted Feldt to recover twice for the same damages.

## III.   DISCUSSION

### A.     *Damages*

This court reviews the grant of a motion for JMOL de novo.[2] *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1136 (10th Cir. 2006). JMOL is appropriate "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

---

[2]There is no merit to Feldt's argument that Heritage Homes's motion to vacate the judgment was barred by waiver. The motion was based on Heritage Homes's assertion that Feldt failed to produce any evidence to support the jury's damage award against Heritage Homes. Contrary to Feldt's appellate argument, neither the motion, nor the district court's ruling, was based on the theory the verdicts against Kan-Du and Heritage Homes were inconsistent.

In her opening brief, Feldt argues the district court erred in granting judgment in favor of Heritage Homes because there was "substantial evidence of damages resulting from Heritage's fraud at trial."[3] According to Feldt, there was testimony from her expert, Frank Comer, that it would be necessary to rebuild her entire house and, thus, she was damaged in the amount of $185,000 which was the cost of the home. Having read the entirety of Mr. Comer's trial testimony, we can definitively state that this assertion is simply not true. At trial, Mr. Comer discussed all the problems with the site work on Feldt's home and testified it would cost $3972 to repair the roof; $39,000 to repair the foundation; $24,000 to repair the grading and drainage; $11,540 to repair the siding; $3750 to repair the structural framing; and $19,500 to repair the flatwork. He never testified "the whole house would have to be dug up" or "rebuilt" as Feldt argues.[4] Thus, the evidence Feldt references does not support her assertion that the damages she suffered were equal to the price she paid for the home.

---

[3]Although Feldt's appellate argument focuses on her fraud-by-omission claim, the jury also found in her favor on the negligent misrepresentation claim. The award of $185,000 in damages was premised on both claims.

[4]Mr. Comer testified that one possible way to solve the problems with the foundation was to "excavate the entire perimeter of the house" by "dig[ging] it all up to [the] bottom of [the] footing." He also specifically testified that the problems with the foundation were, "more probably than not, related to the negligence of whoever was responsible for the site-work at the time the house was being dug."

Mr. Comer estimated the faulty site work on Feldt's house could be repaired for approximately $101,762. The jury awarded Feldt $109,000 from Kan-Du. Under Kansas law and the jury instructions given in this matter, any damages against Heritage Homes could not duplicate those awarded against Kan-Du.[5] *See State ex rel. Stephan v. GAF Corp.*, 747 P.2d 1326, 1332 (Kan. 1987). Feldt recovered from Kan-Du the full amount of the estimated costs of repairing her home and offered no evidence of additional damages beyond those costs. Thus, the award against Heritage Homes was duplicative and properly vacated by the district court.

Further, the purchase price of the home manufactured by Heritage Homes is not the proper measure of damages. As the district court noted, Kansas law provides alternative remedies to a plaintiff "fraudulently induced to buy and pay for property delivered to him." *Waggener v. Seever Sys., Inc.*, 664 P.2d 813, 819 (Kan. 1983). The plaintiff "may affirm the contract and sue for damages or he may disaffirm the contract and sue for rescission. . . . Because the remedy by way of damages rests on affirmance, and the remedy by way of rescission rests on disaffirmance, the two are inconsistent and incompatible. Resort to one excludes

_____

[5]The jury was instructed as follows: "Damages, if any, you find in connection with plaintiff's claims against Heritage Homes may not duplicate any damages you may award in connection with plaintiff's claims against Falconburg and Kan-Du." Feldt's attorney conceded that damages could not be duplicated. During a hearing on the jury instructions, he stated, "I understand that we don't want to duplicate the damages. I recognize that."

a party from resorting to the other . . . ." *Id.* (citation omitted). Mr. Comer, Feldt's own expert, testified as to the reasonable costs to repair, not replace, Feldt's home. Consistent with Kansas law and the evidence presented by Feldt, the jury was instructed as follows:

> [Feldt] seeks recovery for damages to her house. When damage to real estate is temporary and of such a character that the property can be restored to its original condition, the measure of damages is the reasonable cost of repair necessary to restore it to its original condition, but not to exceed its fair and reasonable market value at the time it was purchased.

In her opening brief, Feldt herself states that "this case involves a claim for money damages at law, and not for rescission in equity." Appellant's Opening Br. at 51. Further, Feldt makes no allegation and points to no evidence indicating the home cannot be repaired or she is unable to occupy the home. Because Feldt sought—and received—the amount required to repair her home, she is not entitled to also recover from Heritage Homes the price she paid for the home.

Feldt attempts to circumvent this inevitable conclusion by asserting Kansas's so-called "benefit of the bargain rule" permits her to recover $185,000 from Heritage Homes on her fraud-by-omission claim. *See Sippy v. Cristich*, 609 P.2d 204, 210 (Kan. App. 1980) ("Kansas has followed the benefit of the bargain rule in determining damages for fraud."). This argument has three fatal flaws. First, there is no indication Feldt presented it to the district court and her assertion she raised it in a proposed jury instruction is not supported by any

citations to the record. Second, the argument was presented to this court for the first time in Feldt's reply brief and, thus, it is waived.[6] *Banker v. Gold Res. Corp. (In re Gold Res. Corp. Sec. Litig.)*, 776 F.3d 1103, 1119 (10th Cir. 2015) (holding this court does not review issues raised for the first time in a reply brief unless the argument is a response to one raised in the appellee's brief). Finally, her argument is not persuasive. In Kansas, the benefit of the bargain rule permits a purchaser to recover the difference between the actual value of property at the time of the sale and the value of the property if the representations had been true. *Fox v. Wilson*, 507 P.2d 252, 267 (Kan. 1973). This court was unable to locate a single Kansas case in which a plaintiff prevailed on a fraud claim and recovered the full price paid for real property under the benefit of the bargain rule and Feldt has not identified any such case. Further, as we have already concluded, the evidence Feldt presented at trial was limited to the cost of repairing her home—an amount she recovered from Kan-Du. *See Sippy*, 609 P.2d at 211 ("[T]he rule of damages in Kansas in fraud cases is the loss of bargain rule. However, where the only competent evidence is the cost of repairs, this may be accepted by the trial court as evidence of the difference between the value as represented and the actual value."). Thus, Feldt has no support for her claim to benefit of the bargain damages in the amount of $185,000.

---

[6]There is no merit to Feldt's claim the argument is responsive to Heritage Homes's assertion in its response brief that the purchase price is not the proper measure of damages.

Feldt also argues the district court erred when it refused to submit her claim for punitive damages to the jury. After Feldt presented her case-in-chief, the district court granted judgment as a matter of law to Heritage Homes on the punitive damages claim, concluding Feldt failed to produce evidence that Heritage Homes acted with intent to harm her. Under Kansas law, however, punitive damages may be awarded if a party establishes fraud by clear and convincing evidence. Kan. Stat. Ann. § 60-3701(c) (providing punitive damages are available in a civil action if the plaintiff meets her burden of proving the defendant acted toward her "with willful conduct, wanton conduct, fraud or malice"); *W-V Enters., Inc. v. Fed. Savs. & Loan Ins. Corp.*, 673 P.2d 1112, 1124 (Kan. 1983) ("Whenever fraud, malice or gross negligence are present in a case, punitive damages are proper as a method of punishing the wrongdoer."). Here, the jury ruled in Feldt's favor on her fraud-by-omission claim, finding she proved by clear and convincing evidence that "Heritage Homes fraudulently concealed by silence the fact that Kan-Du and Falconburg had never constructed a stick or modular home."

Feldt raised the punitive damages issue again in a post-trial motion for a new trial. The district court again denied relief, concluding Feldt was not entitled to punitive damages because she failed to establish Heritage Homes's fraud caused her to suffer any damages.

Feldt is not entitled to punitive damages. She failed to present any evidence that Heritage Homes's fraud, which she alleges induced her to enter into the contract with Kan-Du, caused her any damages above and beyond the contract damages she recovered from Kan-Du.[7] *See Guar. Abstract & Title Co., Inc. v Interstate Fire & Cas. Co.*, 652 P.2d 665, 668 (Kan. 1982) (holding punitive damages cannot be recovered in a breach-of-contract action unless the plaintiff also proves an independent tort that "result[s] in *additional* injury" (emphasis added)).

### B.      *Breach of Contract and Negligence Claims*

In addition to her fraud claim, Feldt brought claims for breach of contract and negligence against Heritage Homes. These claims were dismissed by the district court on Heritage Homes's motion for summary judgment. The court concluded Feldt failed to identify any evidence establishing the existence of oral agreement between herself and Heritage Homes nor did Heritage Homes have any duty to Feldt on which a negligence claim could be based. Feldt appeals from these pre-trial rulings.

----

[7]We recognize the Kansas Supreme Court has ruled that punitive damages were available to a plaintiff whose fraud claim involved damages that were duplicative of the damages he recovered on his contract claim. *Equitable Life Leasing Corp. v. Abbick*, 757 P.2d 304, 307 (Kan. 1988). Feldt does not discuss either *Equitable Life Leasing Corp., Guarantee Abstract & Title Co.,* or the possible conflict between the two cases. Her appellate argument is confined to a basic assertion, unsupported by any citation to authority, that she is entitled to punitive damages because the jury awarded her actual damages on her fraud claim.

This court reviews a grant of summary judgment de novo, applying the same legal standard as the district court. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015). Summary judgment is appropriate if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

As to her breach of contract claim, Feldt alleged in the pretrial order that Heritage Homes breached its oral agreement[8] to select an "experienced and well-qualified home builder or construction contractor" to build her home. Under Kansas law, a plaintiff must present evidence of bargained-for consideration to prevail on a breach of contract claim. *City of Andover v. Sw. Bell Tel.*, 153 P.3d 561, 565 (Kan. App. 2007) (listing "sufficient consideration" as an essential element of an action based on a contract). In her deposition, however, Feldt conceded she did not agree to pay any amount other than the sum set out in the purchase agreement between herself and Kan-Du. Heritage Homes was not a party to that purchase agreement. Nevertheless, Feldt argues her detrimental reliance on Heritage Homes's "superior expertise in dealing with contractors" is sufficient consideration. Feldt provides no authority to support this assertion and we were unable to locate any.

---

[8]Because Feldt alleged an oral contract, her extensive appellate briefing of the parol evidence rule, which is applicable to written contracts, is both curious and irrelevant.

Because Feldt failed to produce any evidence that the alleged oral contract with Heritage Homes was supported by sufficient consideration, the district court properly granted summary judgment to Heritage Homes on Feldt's breach of contract claim.

Feldt's negligence claim against Heritage Homes was premised on her allegation Heritage Homes undertook to select, train, and supervise a local contractor to assemble and construct her home. The district court granted summary judgment to Heritage Homes on the claim, concluding Feldt could not establish that Heritage Homes owed a duty to her. *See P.W. ex rel. A.W. v. Kan. Dep't of Soc. & Rehab. Servs.*, 877 P.2d 430, 434 (Kan. 1994) (identifying "a duty owed to the plaintiff" as one of the elements of a Kansas negligence claim). On appeal, Feldt has failed to identify any evidence from which a reasonable jury could conclude that such a duty arose from the circumstances surrounding her interactions with Heritage Homes, *David v. Hett*, 270 P.3d 1102, 1114-15 (Kan. 2011), and has failed to establish a duty was created by law.[9] Accordingly, there was no error in the district court's grant of summary judgment to Heritage Homes on Feldt's negligence claim.

---

[9]The word "duty" does not even appear in the portion of Feldt's opening brief addressing the grant of summary judgment to Heritage Homes on her negligence claim.

## C.    *Kansas Consumer Protection Act*

At the close of Feldt's case, the district court granted JMOL to Heritage Homes on Feldt's KCPA claim.  That claim was premised on Feldt's assertions in the pretrial order that Heritage Homes willfully represented that it had selected an experienced and well-qualified contractor to build her home.  *See* Kan. Stat. Ann. § 50-626(b)(2) (forbidding the "willful use, in any oral or written representation, of exaggeration, falsehood, innuendo or ambiguity as to a material fact").  To prevail on this claim, Feldt was required to establish, *inter alia*, that Heritage Homes made a willful representation of falsehood as to a material fact.  To prove the willfulness element of § 50-626(b)(2), Feldt was required to produce evidence that Heritage Homes "performed with a designed purpose or intent . . . to do wrong or to cause injury to" her.  *Unruh v. Purina Mills, LLC*, 221 P.3d 1130, 1139 (Kan. 2009) (citing Kan. Pattern Instr.4d, Civ., No. 103.04). The district court concluded there was "absolutely no evidence or any inference of evidence" on which the jury could make a determination that Heritage Homes acted with the intent required by the KCPA.

In her opening brief, Feldt fails to support her conclusory allegation that the district court erred when it concluded she failed to present evidence necessary to prove the willfulness element of her KCPA claim.  Accordingly, we deem the issue waived.

## IV.  CONCLUSION

The rulings of the district court are **affirmed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge